[Cite as *State v. Poulin*, 2018-Ohio-4537.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                   Court of Appeals No. WD-17-052

      Appellee                            Trial Court No. 2017 CR 375

v.

Brian Poulin                                **DECISION AND JUDGMENT**

      Appellant                           Decided:  November 9, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**JENSEN, J.**

## I.  Introduction

**{¶ 1}** This is an appeal from the judgment of the Wood County Court of Common

Pleas, sentencing appellant, Brian Poulin, to three years in prison, and ordering him to

pay a mandatory fine of $7,500 following his guilty plea to one count of corrupting

another with drugs.  We affirm.

## A. Facts and Procedural Background

{¶ 2} On August 3, 2017, a bill of information was filed with the trial court, charging appellant with one count of corrupting another with drugs in violation of R.C. 2925.02(A)(3) and (C)(1), a felony of the second degree. This charge related to appellant's provision of heroin to the victim, Trina Morris, who subsequently died as a result of a heroin overdose.

{¶ 3} On August 8, 2017, appellant appeared before the trial court and entered a guilty plea to the aforementioned charge. The trial court accepted the guilty plea, and referred the matter for a presentence investigation report prior to sentencing.

{¶ 4} On October 2, 2017, appellant appeared for sentencing. After considering the relevant principles and purposes of sentencing as well as the applicable recidivism factors, the court imposed a prison sentence of three years. Additionally, the court ordered appellant to pay a minimum mandatory fine of $7,500.

{¶ 5} As to the fine, appellant filed an affidavit of indigency in which he asserted that he did not have the financial means to pay. Despite the affidavit, appellant's defense counsel indicated to the court during mitigation that appellant "has a good work record. He is welcomed back at his place of employment whenever he is released." After reiterating that he did not currently have the funds to pay a fine, appellant indicated that he would have to pay $25 or $30 per month on a payment plan to pay off any fines the court may impose. Upon consideration of appellant's indigency argument, the trial court

2.

found that appellant, a 24-year-old at the time of sentencing, would have the future ability to pay upon his release from prison.

## B. Assignment of Error

{¶ 6} Appellant has timely appealed the trial court's decision. On appeal, appellant presents the following assignment of error for our review:

> The trial court abused its discretion and erred to the prejudice of Appellant in denying his Affidavit of Indigency and Request for Waiver of Mandatory Fine.

## II. Analysis

{¶ 7} In his sole assignment of error, appellant argues that the trial court abused its discretion by denying his request for a waiver of the $7,500 mandatory fine.

{¶ 8} A trial court's decision to impose a fine is reviewed for an abuse of discretion. *State v. Williams*, 8th Dist. Cuyahoga No. 92419, 2009-Ohio-5964, ¶ 5. To constitute an abuse of discretion, the decision must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 9} Under R.C. 2925.02(D)(1)(a), the trial court in this case was required to impose the applicable mandatory fine set forth in R.C. 2929.18(B)(1), unless it determined that appellant was indigent. Under R.C. 2929.18(B)(1), the trial court was required to impose a fine of at least $7,500. Relevant here, R.C. 2929.18(B)(1) provides:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory

3.

fine and if the court determines the offender is an indigent person and is

unable to pay the mandatory fine described in this division, the court shall

not impose the mandatory fine upon the offender.

{¶ 10} Appellant argues that the trial court should have waived the fine in this case because his affidavit of indigency set forth the fact that he was presently unable to pay the fine, and the state did not oppose the affidavit. However, appellant's argument ignores statements made at sentencing, which are supported by the presentence investigation report that was before the court.

{¶ 11} At sentencing, appellant's counsel mentioned appellant's employment, stating that appellant would be "welcomed back at his place of employment whenever he is released." A review of the presentence investigation report, which was considered by the trial court prior to its imposition of the fine, reveals that appellant was employed since January 2015 as a millwright/pipe fitter for a local construction company, where he earned $24 per hour. Further, appellant acknowledged that he could pay a fine by making monthly payments.

{¶ 12} In light of the evidence before the court at the time of sentencing, demonstrating that appellant was in his twenties and likely to be reemployed upon release from prison, we find that the trial court did not abuse its discretion in finding that appellant had the present or future ability to pay the mandatory fine under R.C. 2929.18(B)(1). *See State v. Lenhert*, 6th Dist. Wood No. WD-08-078, 2009-Ohio-5392, ¶ 11 (holding that "the trial court could have determined that upon being released from

4.

prison, appellant would be in his twenties, able to work and pursue productivity and, therefore, would be able to pay the imposed sanction").

{¶ 13} Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 14} In light of the foregoing, judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
                                                 JUDGE
Arlene Singer, J.                   

                                               _____
James D. Jensen, J.                                        JUDGE
CONCUR.

                                                 _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.